# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided December 23, 2016

No. 11-1108

UNITED STATES SUGAR CORPORATION,
PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

AMERICAN CHEMISTRY COUNCIL, ET AL.,
INTERVENORS

———

Consolidated with 11-1124, 11-1134, 11-1142, 11-1145,
11-1159, 11-1165, 11-1172, 11-1174, 11-1181, 13-1086,
13-1087, 13-1091, 13-1092, 13-1096, 13-1097, 13-1098,
13-1099, 13-1100, 13-1103

———

On Petition of the United States Environmental Protection
Agency for Panel Rehearing as to Remedy

———

Before: HENDERSON, BROWN, and GRIFFITH, *Circuit
Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Among the many challenges to the EPA's Major Boilers Rule[1] in these consolidated cases, we granted the petition brought by the Environmental Petitioners to review the EPA's decision to exclude certain sources from its calculation of Maximum Achievable Control Technology (MACT) emissions standards for major-boiler subcategories, and vacated any standards that had been "affected" by the flawed calculation. *U.S. Sugar Corp. v. EPA*, 830 F.3d 579, 632 (D.C. Cir. 2016).

On September 12, 2016, the EPA filed a petition for a panel rehearing asking that the major-boiler standards be "remanded to [the] EPA without vacatur for the Agency to conduct rulemaking to determine which standards are 'affected' and to modify them in accordance with the Court's opinion." EPA Pet. Reh'g 1. All relevant parties in this matter support the EPA's request. Joint Resp. Industry Pet'rs 3; Envtl. Pet'rs' Resp. 1.

Although remand without vacatur may in some circumstances invite prejudicial agency delay, *see, e.g.*, *In re Core Commc'ns, Inc.*, 531 F.3d 849, 862-63 (D.C. Cir. 2008) (Griffith, J., concurring), in other circumstances vacatur itself carries more-harmful consequences. We have therefore frequently remanded without vacating when a rule's defects are curable and "where vacatur 'would at least temporarily defeat . . . the enhanced protection of the environmental values covered by [the EPA rule at issue].'" *North Carolina v.*

---

[1] National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters, 76 Fed. Reg. 15,608 (Mar. 21, 2011), *as amended*, National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters, 78 Fed. Reg. 7,138 (Jan. 31, 2013).

*EPA*, 550 F.3d 1176, 1178 (D.C. Cir. 2008) (per curiam) (alterations in original) (quoting *Envtl. Def. Fund, Inc. v. EPA*, 898 F.2d 183, 190 (D.C. Cir. 1990)); *see also Natural Res. Def. Council v. EPA*, 489 F.3d 1250, 1265 (D.C. Cir. 2007) ("Where the court has concluded that a final rule is deficient, the court has traditionally not vacated the rule if doing so would have serious adverse implications for public health and the environment."). Vacating the standards at issue here would unnecessarily remove many limitations on emissions of hazardous air pollutants from boilers and allow greater emissions of those pollutants until EPA completes another rulemaking and implements replacement standards. *See* EPA Pet. Reh'g 6.

In light of our precedent and the parties' agreement that this case presents one of the circumstances in which remand without vacatur makes the most sense, we remand without vacating the numeric MACT standards set in the Major Boilers Rule for new and existing sources in each of the eighteen subcategories.[2] On remand, the EPA is to identify those standards for which the MACT floor would have differed if the EPA had included all best-performing sources in each subcategory in its MACT-floor analysis. The EPA must then revise those standards consistent with our July 29, 2016 opinion in this case.

Although the Industry Petitioners stress the importance of the EPA expeditiously completing the rulemaking, we have not been asked to impose a deadline by which the EPA must act. Even so, we expect the EPA to complete this rulemaking promptly. We also "remind the Petitioners that they may bring a mandamus petition to this court in the event that [the] EPA fails to" revise its standards on remand "in a manner

---

[2] Because the parties agree as to the appropriate remedy, a formal rehearing is unnecessary.

consistent with our" earlier opinion. *North Carolina*, 550 F.3d at 1178 (citing *Natural Res. Def. Council*, 489 F.3d at 1264 (Randolph, J., concurring)).

*So ordered.*